# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CLEANTOOLS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2024-CV-06429 |
| | ) |
| AUTO BEAUTY PRODUCTS CO., LLC, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, CLEANTOOLS, INC. ("**CleanTools**"), by and through its undersigned attorneys, complains and alleges against Defendant AUTO BEAUTY PRODUCTS CO., LLC ("**ABPC**" or "**Defendant**"), as follows:

### Nature of the Action

1. This is an action by CleanTools against Defendant for injunctive relief and monetary relief, pre-judgment interest, disgorgement of profits, attorneys' fees, and costs under the Lanham Act and Illinois state law resulting from Defendant's willful and intentional sales of infringing wiping and drying cloths bearing CleanTools' federally registered and incontestable trademark, THE ABSORBER ("**THE ABSORBER**" or the "**Mark**").

2. CleanTools has prominently used THE ABSORBER mark for over forty years. During this time, it has expended significant resources advertising, promoting, and selling wiping and drying cloths and related cleaning, detailing, and polishing merchandise for various applications including automotive, home, and recreational uses under the Mark. As a result, the Mark has acquired distinctiveness, and consumers have come to recognize that such products bearing the Mark emanate from a single and exclusive source—CleanTools. Not only does CleanTools own common law trademark rights in the Mark, it also owns a portfolio of trademark registrations for the Mark, all but one of which are now incontestable.

3. Defendant uses trademarks that are identical, or virtually identical, to the Mark for Defendant's infringing wiping and drying cloths, products that are essentially identical to those for which CleanTools owns the Mark. Defendant has undertaken this conduct in bad faith, and without CleanTools' authorization or consent, with the deliberate intent to mislead consumers and improperly trade off and reap the benefits of the extensive goodwill associated with THE ABSORBER Mark and brand owned by CleanTools.

## Parties

4. Plaintiff CleanTools is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2 Plaza Drive, Westmont, IL 60559. CleanTools sells wiping and drying cloths and related cleaning, detailing and polishing merchandise across the country for various applications including for automotive, home, and recreational uses.

5. Upon information and belief, and based upon a public records search, Defendant ABPC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 3630 West Miller Road #320, Garland, TX 75041. ABPC is, or has recently been, manufacturing, distributing, advertising, offering for sale and/or selling infringing wiping and drying cloths in commerce, including within the State of Illinois and this judicial district, under the trademark "The Absorber" (the "**Infringing Products**").

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over CleanTools' Lanham Act claims for federal trademark infringement and false designation of origin under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. This Court has subject matter jurisdiction over CleanTools' claims that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as CleanTools' federal claims.

8. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant regularly conducts business within this judicial district by offering the Infringing Products for sale, including via its website accessible within this judicial district, and selling the Infringing Products in this judicial district, and because a substantial part of the complained-of acts occurred in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction within this judicial district, and because a substantial part of the events giving rise to CleanTools' claims occurred within this judicial district.

**FACTS COMMON TO ALL CLAIMS**

**A. CleanTools and THE ABSORBER Trademarks.**

10. For over 40 years, CleanTools has been a leader in the production and sale of cleaning, detailing, and polishing merchandise that can be used in various applications, including for automotive, home, and recreational uses.

11. Since at least as early as 1980, CleanTools has been selling wiping and drying cloths throughout the United States under THE ABSORBER trademark.

12. CleanTools' products sold under the Mark have also received considerable advertising, word of mouth publicity, and media coverage in national publications, including *Car & Driver*, *Popular Mechanics*, *Road & Track*, *Hot Rod*, *Street Rodder*, *Car Craft*, *Street Scene*, and others.

13. As a result, consumers have come to associate THE ABSORBER trademark in connection with wiping cloths and related merchandise as exclusively identifying CleanTools' products.

14. CleanTools is the owner of a portfolio of federal registrations for THE ABSORBER trademark, all but one of which are now incontestable. These registered trademarks are listed in

the table below, and true and correct copies of these U.S. registration certificates are attached hereto as **Exhibit A**:

| Mark | Reg. No. | Reg. Date | Class & Goods/Services |
|---|---|---|---|
| THE ABSORBER | 1,248,006 | August 9, 1983 | Wiping Cloth (or Sponge), in Class 21 |
| THE ABSORBER | 2,829,679 | April 6, 2004 | Wiping Cloths, in Class 21 |
| THE ABSORBER | 5,284,090 | September 12, 2017 | Drying cloths, namely, microfiber drying towels; cooling cloths, namely, cooling towels not for medical or protective purposes, in Class 24 |
| the absorber (logo) | 5,536,406 | August 7, 2018 | Wiping cloths, in Class 21 |

(collectively, the "**Marks**").

15. The Marks are valid and subsisting and are in full force and effect. CleanTools' rights in the Marks (other than Reg. No. 1,248,006, which is on the Supplemental Register) have become incontestable pursuant to 15 U.S.C. § 1065. Because of their incontestable status, those registrations provide, among other benefits, conclusive evidence of the validity of the registered marks and of CleanTools' exclusive rights to use the Marks in connection with the identified goods. 15 U.S.C. § 1115(b).

16. Although CleanTools' use of the Marks is extensive, a few examples of CleanTools' current use of THE ABSORBER trademark on wiping cloths appear below:



17. CleanTools has invested significant amounts of money and decades of time and effort to create consumer recognition in its products sold under THE ABSORBER trademark, in order to ensure that the public associates the Marks with high quality cleaning supplies emanating exclusively from CleanTools.

B. **Defendant Auto Beauty Products Co.**

18. Defendant, ABPC, offers and sells products related to vehicle reconditioning, such as waxes, polishes, soaps, cleaners, and paints.

19. One of the products sold by Defendant is a wiping cloth, that initially appeared on Defendant's website, www.autobeautyproducts.com, under the brand name "The Absorber."

20. Prior to receiving the cease and desist letter discussed below, Defendant offered the Infringing Product for sale on its website as follows:



21. Defendant is, or has recently been, manufacturing, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or causing to be manufactured, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from CleanTools, wiping cloths bearing CleanTools' THE ABSORBER trademark or nearly identical marks. These products are not genuine CleanTools products, nor are they authorized, sponsored, or approved by CleanTools.

22. Customers encountering Defendant's Infringing Product are likely to be confused into believing that these cloths are CleanTools' products, or are authorized, sponsored, approved, endorsed, or licensed by CleanTools, or are otherwise affiliated, associated, or connected with CleanTools.

23. CleanTools has no control over the quality of Defendant's products that are being sold under CleanTools' Marks and/or sold under trademarks confusingly similar to CleanTools' Marks.

**C. Investigation and Correspondence.**

24. On April 3, 2024, CleanTools sent a cease and desist letter to Defendant informing Defendant of CleanTools' exclusive rights in THE ABSORBER trademark and Defendant's infringement of CleanTools' trademark rights. CleanTools requested that Defendant remove the infringing THE ABSORBER product from Defendant's website and cease all sales, advertising, and promotion of its product under the THE ABSORBER mark. A true and correct copy of this letter is attached hereto as **Exhibit B.**

25. Defendant did not respond to CleanTools' cease and desist letter; however, subsequently their website reflected a change in the Infringing Product's name to ABZORB-IT CHAMOIS.

26. On or about April 22, 2024, investigators for CleanTools purchased the purported ABZORB-IT CHAMOIS from Defendant's website, https://www.autobeautyproducts.com/product/ASE-114.html.

27. On or about May 6, 2024, CleanTools' investigators received the product that was ordered. That product bore the name "The Absorber," and not ABZORB-IT CHAMOIS, as shown below:



28. The return address on the label received by the CleanTools' investigators was Auto Beauty Products, 3630 West Miller Road #320, Garland, TX 75041.

29. To date, CleanTools has not received a substantive response from Defendant or any legal counsel representing Defendant, and Defendant continues to sell the Infringing Product.

30. Upon information and belief, Defendant is aware of THE ABSORBER trademark, and has been engaging in the above-described unlawful activities knowingly and intentionally and/or with reckless disregard for CleanTools' rights in and to THE ABSORBER trademark.

31. Upon information and belief, Defendant will continue to manufacture, distribute, supply, advertise, promote, offer for sale and/or sell, the Infringing Product, unless otherwise restrained by this Court.

32. Unless Defendant's unlawful conduct is enjoined, this conduct will severely inhibit and/or destroy the ability of THE ABSORBER trademark to identify CleanTools as the exclusive source of this product, resulting in irreparable harm to CleanTools.

## COUNT I
### Trademark Infringement,
### 15 U.S.C. § 1114

33. CleanTools hereby incorporates by reference all prior allegations set forth in paragraphs 1–32 herein.

34. CleanTools' THE ABSORBER trademark is valid, subsisting and in full force and effect. CleanTools has used THE ABSORBER as the trademark for its products for over forty years and has senior rights in this trademark for such products.

35. Pursuant to 15 U.S.C. § 1057(b) and 15 U.S.C. § 1065, registrations for THE ABSORBER trademarks are *prima facie* evidence of the validity of such registrations and of CleanTools' ownership of the Marks. The registrations also provide the exclusive right to CleanTools to use said Marks in commerce in connection with the products identified on the Principal Register. Further, pursuant to 15 U.S.C. § 1065, all but one of the Marks are incontestable. The incontestability of these Marks is conclusive evidence of the validity of the Marks, CleanTools' ownership of the Marks, and CleanTools' exclusive right to use the Marks in commerce for the products identified in the trademark registrations.

36. As a result of CleanTools' longstanding exclusive usage, sales success, advertising, and promotion, THE ABSORBER is a strong trademark for the products identified in the trademark registrations.

37. Defendant's use of CleanTools' Mark in connection with the Infringing Product is likely to cause consumer confusion and mistake and is likely to deceive consumers into believing that the Defendant's products are in some way authorized, approved by, or affiliated with CleanTools, when they are not.

38. Defendant's "The Absorber" trademark is identical to CleanTools' trademark THE ABSORBER.

39. Defendant has used its infringing "The Absorber" mark on automobile wiping cloths, products that are highly related to, if not identical to, the wiping and drying cloths that CleanTools offers under its THE ABSORBER trademark.

40. The target market for the wiping cloths and other products CleanTools sells under the Mark include consumers engaged in automobile, cleaning, or detailing work. On information and belief, this is the same intended end user of Defendant's Infringing Product.

41. There is an overlap in the area and manner of use for CleanTools' and Defendant's products. For example, both can be purchased through ecommerce on the internet. On information and belief, Defendant's Infringing Product is also sold at their brick and mortar location. CleanTools' products are often sold in similar or competitive stores selling automotive care products.

42. CleanTools' and Defendant's products are not expensive products for which consumers exercise a high degree of care when making a purchase. The retail price for CleanTools' wiping cloths sold under the Mark range from $13.80 to $24.00. The retail price for the Infringing Product is $19.95.

43. Defendant's activities complained of herein constitute use in commerce of copies or colorable imitations of the CleanTools' Mark in a manner that is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

44. On information and belief, Defendant has engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendant and the merchandise it sells are in some way sponsored by, or affiliated or associated with CleanTools, when they are not.

45. Even after receiving a cease and desist letter from CleanTools, Defendant continued to sell the Infringing Product, despite removing the infringing mark from its website.

46. Defendant's acts as described above constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

47. By reason of the foregoing, Defendant is liable to CleanTools for: (a) an amount representing CleanTools' damages; (b) Defendant's profits attributable to the infringement; and (c) reasonable attorneys' fees, costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT II
### False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

48. CleanTools hereby incorporates by reference all prior allegations set forth in paragraphs 1–47 herein.

49. Defendant's acts as described above constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations, descriptions, and representations are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's Infringing Product in violation of 15 U.S.C. § 1125(a).

50. On information and belief, Defendant was on actual and constructive notice of CleanTools' exclusive rights in CleanTools' Marks. Defendant's use of "The Absorber" is willful and in bad faith, and was done with the full knowledge of the goodwill and the reputation associated with CleanTools' Marks and with full knowledge that Defendant has no right, license, or authority to use CleanTools' Marks or any other marks or trade dress confusingly similar thereto.

51. Defendant's acts are intended to reap the benefit of the goodwill that CleanTools has created in CleanTools' Marks and constitute false designation of origin and unfair competition.

52. By reason of the foregoing, Defendant is liable to CleanTools for: (a) an amount representing CleanTools' damages; (b) Defendant's profits; and (c) reasonable attorneys' fees, costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT III
## Illinois Uniform Deceptive Trade Practices Act,
## 815 ILCS 510/1, *et seq*.

53. CleanTools hereby incorporates by reference all prior allegations set forth in paragraphs 1–52 herein.

54. CleanTools owns rights in THE ABSORBER trademark.

55. Defendant's actions constitute deceptive trade practices under Illinois law. Defendant's infringement of CleanTools' Marks has caused, and unless enjoined will continue to cause, confusion or misunderstanding among the consuming public as to the affiliation, connection, or association between CleanTools and Defendant and/or as to the sponsorship or approve by CleanTools of Defendant's Infringing Product.

56. CleanTools and the public have been and are likely to continue to be damaged as a result of Defendant's deceptive trade practices. Unless enjoined by this Court, Defendant will continue the foregoing deceptive and misleading trade practices, thereby confusing the public and causing CleanTools immediate and irreparable damage.

57. CleanTools will be irreparably injured because of its loss of goodwill and reputation stemming from Defendant's refusal to immediately cease and desist from its use of THE ABSORBER trademark.

58. Defendant has engaged willfully in a deceptive act under the Illinois Uniform Deceptive Trade Practices Act by knowingly using THE ABSORBER trademark on its Infringing Product despite CleanTools' prior ownership of THE ABSORBER trademark and CleanTools' demand that Defendant cease and desist from using "The Absorber" designation. Accordingly, CleanTools is entitled to recover costs and attorneys' fees in this action.

## COUNT IV
### Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

59. CleanTools hereby incorporates by reference all prior allegations set forth in paragraphs 1–57 herein.

60. CleanTools is the registered owner of the incontestable THE ABSORBER trademarks.

61. Defendant's actions constitute unfair competition and unfair or deceptive acts or practices under Illinois law. Defendant's infringement of CleanTools' Marks have caused, and unless enjoined will continue to cause, confusion or misunderstanding among the consuming public as to the affiliation, connection or association between CleanTools and Defendant and/or as to the sponsorship or approval by CleanTools of Defendant's Infringing Product.

62. On information and belief, Defendant, by its conduct, intended to cause the consuming public to rely upon its infringement of CleanTools' Marks, in order to cause confusion or misunderstanding as to the affiliation, connection, or association between CleanTools and Defendant and/or as to the sponsorship or approval by CleanTools of Defendant's Infringing Product.

63. CleanTools and the public have been and are likely to continue to be damaged as a result of Defendant's unfair competition and unfair or deceptive acts or practices. Unless enjoined by this Court, Defendant will continue the foregoing unfair competition and unfair or deceptive acts or practices, thereby confusing the public and causing CleanTools immediate and irreparable damage.

64. CleanTools will be irreparably injured because of its loss of goodwill and reputation stemming from Defendant's refusal to immediately cease and desist from its use of THE ABSORBER trademarks.

## RELIEF

**WHEREFORE,** CleanTools prays that this Court enter judgment in its favor providing the following relief:

1. That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined and restrained from:

    a. Using THE ABSORBER trademark, or any reproduction, counterfeit, copy, or colorable imitation thereof, to identify any goods or the rendering of any services not authorized by CleanTools;

    b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure CleanTools' business reputation;

    c. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods or services as being those of CleanTools or sponsored by or associated with CleanTools and from offering such goods in commerce; and

    d. Using or continuing to use THE ABSORBER trademark or trade name in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by CleanTools.

2. That Defendant, within ten (10) days of judgment, take all steps necessary to remove from their website, or any other website or social media site containing content posted by Defendant, whether or not owned or operated by Defendant, all text offering for sale Infringing Products and all of CleanTools' Marks or copies or colorable imitations thereof.

3. That Defendant be ordered to post on their website and social media sites a copy of this Court's injunction against its unlawful activities.

4. That Defendant, within thirty (30) days or judgment, file and serve upon CleanTools a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

5. For an award to CleanTools of (a) the damages suffered by CleanTools arising out of Defendant's unlawful conduct, (b) all profits that Defendant realized from the unauthorized use of CleanTools' Marks, (c) its costs and attorneys' fees to the full extent provided for by 15 U.S.C. § 1117(a), (d) Defendant's profits, its damages, and attorneys' fees, to the full extent available, pursuant to the statutory and common law of the State of Illinois, and (e) punitive damages to the full extent available under state law.

6. That Defendant be ordered to pay to CleanTools an amount sufficient to conduct corrective advertising to remedy the consumer confusion caused by Defendant.

7. That CleanTools recover from Defendant the costs and disbursements of this action in addition to reasonable attorney fees and prejudgment interest pursuant to 15 U.S.C. § 1117.

8. That Defendant be required, with Defendant bearing all associated costs, to recall from any retailers and distributors and deliver to CleanTools' agent for destruction all materials bearing THE ABSORBER trademark in association with unauthorized goods pursuant to 15 U.S.C. § 1118.

9. That this court retain jurisdiction of this action for the purpose of enabling CleanTools to apply to the Court at any time for such further orders and interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

10. That CleanTools be awarded such other and further relief as the Court may deem just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: July 25, 2024                               Respectfully submitted,


                                                   By: /s/ Wendi E. Sloane

                                                   Wendi E. Sloane
                                                   Carmel I. Dooling
                                                   BARACK FERRAZZANO
                                                     KIRSCHBAUM & NAGELBERG LLP
                                                   200 W. Madison Street, Suite 3900
                                                   Chicago, Illinois 60606
                                                   (312) 984-3100
                                                   (312) 984-3150 (facsimile)
                                                   wendi.sloane@bfkn.com
                                                   carmel.dooling@bfkn.com

                                                   Attorneys for Plaintiff